[J-1-2015][M.O. – Stevens, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 676 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | 1/3/13 in the Court of Common Pleas, |
| v. | : | Criminal Division of Philadelphia County |
| | : | at No. CP-51-CR-0700431-1994 |
| LENWOOD MASON, | : | |
| | : | |
| Appellant | : | SUBMITTED:  January 5, 2015 |

## CONCURRING AND DISSENTING OPINION

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED:  December 29, 2015**

I concur in the result as to the guilt phase while dissenting as to penalty.

As to the sentencing aspect, I find this to be a close case, particularly in light of the precedent establishing the parameters for sufficient representation in a penalty trial. On the one hand, Appellant's counsel did succeed in presenting evidence of Appellant's borderline intellectual disability, a type of evidence which the Supreme Court of the United States has observed may very well impact capital penalty deliberations.  *See Penry v. Lynaugh,* 492 U.S. 302, 319, 109 S. Ct. 2934, 2947 (1989) (explaining that "evidence about the defendant's background and character is relevant because of the belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background, or to emotional and mental problems, may be less culpable than defendants who have no such excuse" (quoting *California v. Brown,* 479 U.S. 538, 545, 107 S. Ct. 837, 841 (1987) (O'Connor, J., concurring)));

*accord Williams v. Taylor,* 529 U.S. 362, 398, 120 S. Ct. 1495, 1515 (2000) (commenting that "the reality that [the defendant] was 'borderline mentally retarded,' might well have influenced the jury's appraisal of his moral culpability."). On the other hand, however, it appears that this evidence could have been better developed, and there was a substantial quantity of other available mitigation. Further, upon my review of the record, I find that counsel was not adept in presenting the type of context for the evidence that was adduced which might resonate with jurors.

For example, in his closing remarks, rather than focusing closely upon the impact of Appellant's intellectual disability upon his moral culpability, counsel ruminated on his personal role in defending against a death sentence, *see, e.g.*, N.T., Feb. 16, 1996, at 114-16; offered a lengthy portrayal of his own childhood experience with a boy who he depicted as impaired, *see id.* at 116-118; transitioned somewhat discordantly to a theme of "living hell" which he first abstractly ascribed to his client's life, then entreated the jury to relegate to his client by imposing a life sentence rather than death, *see id.* at 118-121; and stood in front of a death-qualified jury attempting to draw a comparison between modern-day capital proceedings and the Salem witch trials, *see id.* at 122. Only a few short and somewhat disjointed passages from the closing touched upon the actual mitigation evidence developed on the record. *See id.* at 118-19, 125-26. Given such shortcomings, and in light of the availability of a more developed mitigation case, I find the representation to have been sufficiently deficient that a new penalty proceeding is implicated. *Cf. Commonwealth v. Collins*, 585 Pa. 45, 75-78, 888 A.2d 564, 582-84 (2005).[1]

---

[1] Obviously, the final resolution of the *Atkins* matter on remand would bear on the necessity for such a proceeding.

Finally, I respectfully differ with the majority's continued approval of prosecutorial entreaties to capital sentencing juries to show the same mercy to defendants as was shown to their victims. *Accord Commonwealth v. Daniels*, ___ Pa. ___, ___, 104 A.3d 267, 323 (2014) (Saylor, J., concurring and dissenting) (expressing the concern that "such practice is fundamentally inconsistent with the plain terms of the governing statutory scheme, which is designed to permit the punishment of death only upon the rendering of reasoned moral judgments, not decisions made on the same lawless terms by which murders are committed").